If I am wrong in this, still the fault is cured. Suppose a general demurrer had been filed to this deed — then the act of Assembly(b) would have sustained it. The rule is, that upon a demurrer to the plea, you shall go back to the first fault; that is, the first fault that would be fatal on general demurrer; for by pleading, and not assigning specially, faults in form, under the reason of the statute, they are waived. To say that the defendant owes to the plaintiff, or to omit such allegation, has nothing to do with the “very right of the case.” Whether the defendant does owe to the plaintiff or not, is to be determined by the case made out in the declaration. If the case at bar shews that, according to law, the defendant owed to Price, it was unnecessary to state in terms that matter of legal inference. What single purpose could it answer? The books treat these, I know, as words of cabalistic import. Rules of practice are not like rules of property. The former should be moulded to attain justice. To omit the subscription of John Doe *and Richard Roe, was once held fatal to a declaration upon demurrer.
The judgment was only inducement, and was therefore properly set out by way of recital. The wasting was the gist of the action.
The declaration charged a wasting of the assets generally. The plea is fatally incorrect in confining itself to the assets which accrued before the rendition of the judgment in the declaration mentioned. It only answered a part of the plaintiff’s case, being an affirmative pregnant with a negative.
The declaration charged a waste of assets. Devastavit vel non, would have opposed a negative to an affirmative. JTully administered was answering an affirmative with an affirmative. A traverse was essentially necessary to make the plea issuable.
But the judgment was an estoppel to the defendant to deny assets to satisfy the judgment, or to affirm any fact incompatible with the receipt of sufficient assets. If the defendant had fully administered the assets, admitted by the judgment, in paying other debts, it was a devastavit. The declaration shewed the estoppel. A replication of it would only have been to shew it again. As to the damages, the defendant may get clear of them by paying the debt. The judgment is rendered for the debt to be discharged by the damages.
Tuesday, November 1. The President delivered the opinion of the Court: That the appellee, not having charged the appellant, in his declaration, in the debet and detinet, as he might, but in the detinet only, was not entitled to a judgment against him de bonis propriis, but de bonis testatoris only. Judgment reversed with costs, &c. and entered according to the principles of this opinion.

b) Rev. Code, yol. 1, c. 76, s. 27, p. 112.